UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| STEPHEN MICHAEL CONNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-CR-45-TAV-DCP-3 |
| | ) | 3:15-CV-366-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 [Doc. 1480[1]]. Respondent has filed a response in opposition thereto [Doc. 1491]. For the reasons set forth below, the Court finds that Petitioner is not entitled to relief under § 2255, and the motion for relief under § 2255 [Doc. 1480] will thus be **DENIED**.

## I. BACKGROUND

Petitioner pleaded guilty to conspiracy to manufacture fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) [Doc. 176 p. 1]. Petitioner did not appeal his conviction, but rather filed the instant § 2255 motion in which he sets forth two claims [Doc. 1480].

Petitioner first alleges that he should not have received an enhancement to his sentence due to his underlying state convictions because although the state crimes to which

---

[1] All citations to the record are to the criminal case, 3:13-cr-45.

he pled guilty were felonies, they are "now" misdemeanors and that his criminal history was therefore "overemphasized" [*Id.* at 4]. To explain why he did not raise this issue in his direct appeal, Petitioner states that his lawyer advised him against saying anything about it at sentencing because it did not matter [*Id.*]. In his second claim, Petitioner states that his base offense level was thirty-eight because a Drug Enforcement Agency ("DEA") officer stated that he made fifty pounds of methamphetamine and had signed a statement saying so, but these statements were not true and were fabricated to get a longer sentence for Petitioner [*Id.* at 5]. To explain why he did not raise this claim on direct appeal, Petitioner states that the prosecutor stated he did not care and that his lawyer did not listen to the compact disc recordings and also stated that it did not matter [*Id.*].

In its response, Respondent asserts that the § 2255 motion is barred by the waiver of the right to file a § 2255 motion in Petitioner's plea agreement and that the claims for relief lack merit [Doc. 1491].

## II. ANALYSIS

In his plea agreement, Petitioner explicitly waived the right to file a § 2255 motion, except for claims of ineffective assistance of counsel or prosecutorial misconduct [Doc. 176 p. 7 ¶ 11(b)]. A defendant may waive any right, even a constitutional right, if he does so knowingly and voluntarily, and a waiver provision in a plea agreement is enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450–52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999).

2

While Petitioner states that he did not raise the claims in his § 2255 motion earlier due to acts of his counsel and/or the prosecutor, Petitioner does not allege or set forth any facts from which the Court could plausibly infer that counsel was ineffective or that prosecutorial misconduct occurred with regard to these claims.[2] Further, as set forth above, in its response to the § 2255 motion, Respondent asserts that the claims are barred by the § 2255 waiver because they do not allege ineffective assistance of counsel or prosecutorial misconduct [*Id.* at 2]. While Petitioner could have responded to this assertion, he did not do so.

Thus, as Petitioner knowingly and voluntarily waived his right to file a § 2255 motion with few exceptions, and the claims he asserts in his § 2255 motion do not fall within one of those exceptions, he waived his right to raise the claims in his § 2255 motion.

## III. CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his § 2255 motion [Doc. 1480] will be **DENIED**. Thus, under 28 U.S.C. § 2253(c)(2), the

---

[2] Specifically, the record establishes that, prior to his conviction in this case, Petitioner had two felony convictions for promotion of methamphetamine manufacture [Doc. 303-1]. Thus, Petitioner's allegation that counsel told him not to bring up his allegation that the felony convictions that qualified him for a sentencing enhancement are "now" misdemeanors at sentencing because it did not matter is conclusory and fails to state a cognizable claim for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984) (holding that to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense).

Further, Petitioner's allegation that his base offense level was thirty-eight due to a DEA officer untruthfully stating that Petitioner had manufactured fifty pounds of methamphetamine and had signed a statement saying so likewise fails to establish that any ineffective assistance of counsel or prosecutorial misconduct occurred. In his plea agreement, Petitioner agreed that "during a *Mirandized* confession, [he] admitted to manufacturing approximately fifty pounds of methamphetamine" and that his base offense level would therefore be thirty-eight [Doc. 174 p. 3].

3

Court must determine whether to grant a certificate of appealability ("COA"). A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been denied on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurists would not debate the correctness of the Court's dismissal of this § 2255 due to Petitioner's waiver of his right to file a § 2255 except for claims of ineffective assistance of counsel or prosecutorial misconduct and dismissing this action, a COA will not issue.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ISSUE.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE